IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JANET L. THOMPSON,

      Plaintiff,

v.                                        Case No. 2:12-cv-01945

KANAWHA COUNTY COMMISSION,
a political subdivision, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Void Final Order of Election Contest (ECF No. 52), filed on August 21, 2012. This Motion requests an order that "voids the Order handed out by the Defendant Charleston City Council, regarding the Election Contest hearing." The plaintiff's Amended Complaint (ECF No. 22), includes allegations, among other claims, that her contest of the City of Charleston's municipal election was improperly denied. The Amended Complaint, however, does not seek an order from this court that the election contest result be voided. The Amended Complaint seeks compensatory damages, punitive damages, declaratory judgment that the defendants have violated West Virginia election laws and the plaintiff's civil rights, and an injunction prohibiting the defendants from continuing to violate West Virginia election laws. Accordingly, the undersigned has concluded that a ruling on the instant Motion is not dispositive of any of the plaintiff's claims, and that it is not necessary to file proposed findings and recommendation for disposition of the Motion.

The Constitution of West Virginia, Article 4, Section 11 requires the legislature to "prescribe the manner of conducting and making returns of elections, and of determining contested elections." The legislature enacted several statutes, including Chapter 3 ("Elections"), Article 7 ("Contested Elections"), Section 1 *et seq.,* in compliance with the Constitution's mandate. Municipal elections are addressed in Chapter 8 ("Municipal Corporations"), Article 5 ("Election, etc. of Officers"), Section 1 *et seq.*, and the contests of such elections in Section 17. That section provides, in pertinent part, as follows:

> All elections ordered and held by a municipality under the provisions of this chapter shall be canvassed by the governing body of such municipality.
>
> * * *
>
> Any contest by any candidate or candidates . . . of officers of a municipality . . . shall be heard and decided by the governing body thereof, and any such contest shall be conducted in the manner provided in said article seven, chapter three of this code for election contests for county or district officers in general elections.

W. Va. Code § 8-5-17. In other words, the City Council of Charleston, which is its governing body, is authorized by statute to hear and decide any contest of a Charleston municipal election.

The basis for the plaintiff's instant Motion is that the City Council members were not neutral judges in that they each had "personal interests" and knowledge of the issue in the contest. (ECF No. 52, at 1-2.) The plaintiff claims that W. Va. Code § 8-5-17 is "illegal," and is in contravention of the plaintiff's right to due process of law. *Id.*, at 3.

The Supreme Court of Appeals of West Virginia has held that "[t]he municipal council has original and exclusive jurisdiction to hear and decide contested elections involving the selection of municipal officers." Syl. Pt. 8, *State ex rel. Peck v. City Council of City of Montgomery*, 148 S.E.2d 700 (W. Va. 1966) (citing *Evans v. Charles*,

2

56 S.E.2d 880 (W. Va. 1949)). The *Evans* decision addressed the issue of a potential conflict of interest:

> It may be urged that if the common council of the municipality, chosen at the election which is assailed as illegal and void, should hear and determine the legality of the election, the fundamental and universally recognized rule which forbids any interested person to act as judge in his own case would be violated and transgressed. The answer in such a rare and perplexing situation is that the circumstances of the case constitute an exception to the general rule and require the members of the council to act from sheer necessity. Their interest in the offices for which they were selected in the election does not deprive the council of its exclusive jurisdiction, imposed by statute, to hear and decide a contest involving the legality of the election. The council would have to act for the compelling reason that no other tribunal is by law authorized or empowered to hear or decide the matter in the first instance.

56 S.E.2d at 884.

The United States Court of Appeals for the Fourth Circuit has addressed the appropriate role of federal courts which are asked to intervene in election disputes. "Our role . . . primarily addresses the general application of laws and procedures, not the particulars of election disputes." *Hutchinson v. Miller*, 797 F.2d 1279, 1283 (4th Cir. 1986).

> Circuit courts have uniformly declined to endorse action under § 1983 with respect to garden variety election irregularities. (Citations omitted.) These courts, mainly considering disputes involving state elections, have declined to interfere because of the constitutional recognition that "states are primarily responsible for their own elections," (citation omitted), and that alternative remedies are adequate to guarantee the integrity of the democratic process.

*Id.*

> [W]e are persuaded in this context that we must refrain from considering the particulars of a disputed election, especially in a suit for damages. To do otherwise would be to intrude on the role of the states and the Congress, to raise the possibility of inconsistent judgments concerning elections, to erode the finality of results, to give candidates incentives to bypass the procedures already established, to involve federal courts in the

3

>details of state-run elections, and to constitute the jury as well as the electorate as an arbiter of political outcomes.

*Id.* at 1285.

West Virginia law provides that a candidate who wishes to contest a municipal election must follow West Virginia procedures and present evidence to the municipality's governing body, in this case, Charleston's City Council. Whether or not the plaintiff has faith in City Council's neutrality is irrelevant. The Fourth Circuit has ruled that it is inappropriate for a federal district court to intrude on City Council's decision on the matter. It is hereby **ORDERED** that the plaintiff's Motion to Void Final Order of Election Contest (ECF No. 52) is denied.

### Notice

Pursuant to Fed. R. Civ. P. 72(a), the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Memorandum Opinion and Order within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Memorandum Opinion and Order to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. The standard of review if whether any part of the order is "clearly erroneous or is contrary to law."

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to the plaintiff and to transmit it electronically to counsel of record.

ENTER: August 30, 2012

Mary E. Stanley
United States Magistrate Judge

4