**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**JANET L. THOMPSON,**

      **Plaintiff,**

**v.**                                **Case No. 2:12-cv-01945**

**CITY OF CHARLESTON, WEST VIRGINIA,
a political subdivision,
THE CITY OF CHARLESTON, WEST VIRGINIA
CITY COUNCIL MEMBERS,
Individually and in their official capacities as
Agent and Employees of the City of
Charleston, West Virginia,
JAMES M. REISHMAN, Individually and
in his official capacity as the Clerk for the
City of Charleston, West Virginia,
NATALIE TENANT, Individually,
TIM LEACH, Individually,
PAUL ELLIS, Individually and in his
official capacity as Agent and Employee
of the City of Charleston, West Virginia,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

The plaintiff's Amended Complaint (ECF No. 22, as supplemented by ECF No. 51), includes allegations that she was illegally denied her right to run as an Independent candidate in the City of Charleston's 2011 municipal election, and that the election and the canvass of election results were improperly conducted.  The Amended Complaint seeks compensatory damages, punitive damages, declaratory judgment that the defendants have violated West Virginia election laws and the plaintiff's civil rights, and an injunction prohibiting the defendants from continuing to violate West Virginia

election laws.  Pending before the court is the Motion to Dismiss filed by defendants West Virginia Secretary of State Natalie Tenant and Tim Leach, an attorney on Ms. Tenant's staff (ECF No. 26), which is supported by a memorandum (ECF No. 27).  The plaintiff filed a response in opposition (ECF No. 61), and defendants Tenant and Leach filed a reply (ECF No. 73).  These two defendants have also joined in the arguments of their co-defendants in their respective motions to dismiss.  (ECF No. 50.)  By Order entered July 31, 2012 (ECF No. 49), the court applied Fed. R. Civ. P. 12(d), and provided a *Roseboro* notice to the plaintiff.

These defendants argue that the plaintiff has asserted that she did not vote.  (ECF No. 27, at 3, 7.)  They contend that the plaintiff thus suffered no injury in fact and lacks standing to sue.  (*Id.*, at 2.)

These defendants' memorandum appears to be based on a fundamental error.  The plaintiff was a candidate in the 2011 municipal election.  Her Amended Complaint explicitly states that she was a candidate for the office of mayor, having filed as a Democrat, and she received more than 29% of the vote.  (ECF No. 22, ¶ 34, at 5.)  These defendants' memorandum quotes the plaintiff as alleging that she "did not vote, even think about voting or being a participant," and cites to "[Complaint at ¶ 26]."  The quotation is found on <u>page</u> (not paragraph) 26 of the <u>original</u> Complaint, and the quotation is incomplete.  The complete statement, found in both the original Complaint and the Amended Complaint, is as follows: "The Plaintiff is a die-hard voter, but did not vote, even think about voting or being a participant on the ballot, in the recent 2012 election, due to the Defendants['] atrocities."  (ECF No. 2, at 26; ECF No. 22, at 29.)  It may be inferred that the plaintiff meant that she has been a regular participant in elections but she chose not to vote in the 2012 election because of her experience in the

2011 election.  Whether or not she voted in the 2012 election is immaterial to her challenges to the 2011 election.  Moreover, these defendants have offered no proof, such as documents from the Kanawha County Clerk's Office, that the plaintiff did not vote in the 2011 municipal election.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff was a candidate on the ballot of the 2011 municipal election and thus she has standing.

On July 31, 2012, these defendants filed a Joinder (ECF No. 50) in which they "incorporate by reference the motions to dismiss and the bases thereof filed by other defendants in this action."  In Proposed Findings and Recommendation filed this date concerning the City of Charleston defendants' Motion to Dismiss (ECF No. 43), the undersigned recommended that the presiding District Judge dismiss this action for failure to state a claim upon which relief can be granted, primarily based on the holding in *Hutchinson v. Miller*, 797 F.2d 1279 (4th Cir. 1986).  The holding in *Hutchinson* is equally applicable to defendants Tenant and Leach.  The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.  It is respectfully **RECOMMENDED** that the Motion to Dismiss filed by defendants Tenant and Leach be granted.

## Notice

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff, and to transmit it to counsel of record.

<u>December 7 , 2012</u>

Mary E. Stanley
United States Magistrate Judge