**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JANET L. THOMPSON,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:12-cv-01945

THE KANAWHA COUNTY COMMISSION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is *pro se* Plaintiff Janet L. Thompson's filing styled "Motiion [sic] for New Trial" [ECF 91].   In her motion, Plaintiff requests the Court reconsider its March 25, 2013, Memorandum Opinion and Order and its accompanying Judgment Order.   In its March 25, 2013, Opinion, the Court overruled Plaintiff's objections to Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation and granted Defendants' motions to dismiss.   In support of her motion, Plaintiff appears to cite Federal Rule of Civil Procedure 59(a)(2).[1]   The City of Charleston Defendants filed a response in opposition to Plaintiff's motion (ECF 92).

Plaintiff's reliance on Rule 59(a)(2) is misplaced.   There was no trial—jury or bench— in this matter.   Rather, the Court, in its March 25, 2013, Memorandum Opinion, disposed of the

---

[1] Plaintiff's actual citation is "FRCP 59(2)", which the Court construes as a citation to Federal Rule of Civil Procedure 59(a)(2).   Rule 59 is titled "New Trial; Altering or Amending a Judgment".   Rule 59(a)(2) provides:

> (**2**) ***Further Action After a Nonjury Trial.***   After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

issues in this case by granting Defendants' motions to dismiss.   As such, Rule 59(a)(2) simply has no application here.

Plaintiff's requested relief essentially asks the Court to reconsider its March 25, 2013, ruling.   Plaintiff, however, is not entitled to such relief.   "The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.'   Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment."[2] *Katyle v. Penn National Gaming, Inc.*, 637 F.3d 462, 471 n. 4 (4th Cir. 2011)).   As noted by Defendants, Plaintiff's motion is fairly characterized as a request to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e).   However, it is well-settled that Rule 59(e) may not be used to re-litigate old matters or raise arguments or present evidence that could have been raised before judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–128 (2d ed. 1995)).   Indeed, a district court may alter or amend a judgment under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998).   Rule 59(e) allows a district court "to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."   *Woltz v. Scarantino*, 5:10–cv–00095, 2012 WL

---

[2]     Nor is Plaintiff entitled to relief under Federal Rule of Civil Procedure Rule 60.   Rule 60 permits a court to correct clerical mistakes or mistakes arising from oversight or omission.   *Graham v. Nat'l Union Ins. Co. of Pittsburgh, PA,* 1:10-cv-00453, 2013 WL 1704857 at 1-2 (S.D. W. Va. Apr. 19, 2013) (Faber, J.) (stating relief under Rule 60 is not available for mere disagreement with the court's decision) (citing *Shelton v. Hayes*, 197 F. App'x 469, 470 (7th Cir.2006) and *Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir.1999)("In their 'motion for reconsideration,' defendants did nothing more than re-argue, somewhat more fully, the merits of their claim [ . . . ] This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits.")).

851118 at 1 (S.D. W. Va. Mar. 13, 2012) (Berger, J.) (citing *Pacific Ins. Co.*, 148 F.3d at 403).   A

Rule 59(e) motion "is an extraordinary remedy which should be used sparingly." *Bailes v. Erie Ins.*

*Prop. & Cas. Co.*, 3:09–cv–00146, 2010 WL 547577 at 1 (S.D. W. Va. Feb. 9, 2010) (Chambers,

J.) (citing *Pacific Ins. Co.*, 148 F.3d at 403).

   Plaintiff essentially restates several of the objections she previously asserted and which the

Court previously rejected.   Thus, Plaintiff essentially asks the Court to correct what Plaintiff

perceives to be errors of law.   Upon consideration of Plaintiff's motion, the Court does not find

any error contained in its March 25, 2013, Memorandum Opinion and Judgment Order, nor does it

find that failing to grant the Rule 59(e) motion would result in manifest injustice to the Plaintiff.

Simply put, Plaintiff presents no extraordinary need or circumstance to justify such an

extraordinary remedy.

   **IT IS SO ORDERED**.

   The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

       ENTER:  May 23, 2013

       _____

       THOMAS E. JOHNSTON
       UNITED STATES DISTRICT JUDGE